herein, this appeal can only be determined upon the exceptions taken by the defendant at the trial. The only ground urged by the appellant for a reversal of the judgment is that raised by an exception taken to the ruling of the trial judge upon a question propounded to a witness named Boyle. Notwithstanding an objection to the question was interposed by the plaintiff's counsel, and the objection was sustained by the court, and an exception taken thereto, it appears from the record that the question was answered by the witness, and that his answer was most favorable to the position taken by the defendant upon the trial. The exception taken was, therefore, not available, and constitutes no ground for a reversal of the judgment. Judgment affirmed, with costs. All concur.

FACOT, Respondent, v. ROTHFELD, Appellant. (City Court of New York, General Term. December, 1901.) Action by August Facot against Isaac Rothfeld. Abraham B. Schleimer, for appellant. Henry W. Sykes, for respondent.

HASCALL, J. The order complained against was dated October 1, 1901, was made after argument by counsel for both parties, and in the face of an order of the special term dated August 31, 1901, which latter order denied the plaintiff's motion, with costs. This appeal is taken on the ground that the former order is res judicata, and that the latter order is of no avail and should be reversed. With this view we entirely agree. It is claimed, as ground for alleged right to apply for and obtain the latter order, that, between the time of the denial of plaintiff's application of August 31st and the date of the order appealed from, plaintiff served a reply to the alleged counterclaims of the defendant, and therefore it is urged that there is no merit in the appellant's contention that the former order is a matter of adjudication. We cannot see that this makes any difference at all; for the right to the order is no greater because of the pleading, and the earlier order is still of record, potent and unchanged. The respondent's remedy was an appeal from that order, an application for its modification, or its amendment; but certainly the parties have no right to two orders upon the record, one denying and the other granting the selfsame relief. The plaintiff should have moved the order of August 31st, if dissatisfied with its terms, and not have taken the unwarranted liberty of entering a second order while the first one, denying a similar application upon the merits, was in force. So far as the papers disclose to us, there is every reason in support of the appeal. The order of October 1st should be vacated, with costs and disbursements of appeal. Order vacated, with costs. All concur.

FALLON, Respondent, v. HOWARD, Appellant. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by John Fallon, as administrator, etc., of Michael Fallon, deceased, against William C. Howard. No opinion. Order denying motion for bill of particulars affirmed, with $10 costs and disbursements.

FALLON, Respondent, v. HOWARD, Appellant. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by John Fallon, as administrator, etc., of Michael Fallon, deceased, against William C. Howard. No opinion. Order denying motion to make complaint more definite and certain affirmed, with $10 costs and disbursements.

FARMERS' NAT. BANK, Respondent, v. GRANVILLE NAT. BANK et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by the Farmers' National Bank against the Granville National Bank and Clarence E. Parker as receiver. No opinion. Order unanimously affirmed, with costs.

FARMERS' NAT. BANK, Respondent, v. GRANVILLE NAT. BANK et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by the Farmers' National Bank against the Granville National Bank, Clarence E. Parker, receiver, and others. No opinion. Judgment unanimously affirmed, with costs.

FARNUM, Appellant, v. ECKLE et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by Henry H. Farnum against Leonhard Eckle and Frederick Schweiker. No opinion. Order affirmed, with $10 costs and disbursements.

FASS, Appellant, v. SCHAFFER, Respondent. (Supreme Court, Appellate Term. December, 1901.) Action by John Fass, Jr., against Henry R. Schaffer. Charles Maitland Beattie, for appellant. House, Grossman & Vorhaus, for respondent.

SCOTT, J. The plaintiff wholly failed to sustain the cause of action stated in his complaint. His allegations were that he was induced to give defendant $400 to bet on horse races upon the false representation by defendant that he had secret information about the abilities of the horses on which money was to be wagered and their competitors, as well as of such practices as would insure the horses he bet on to win; that said moneys were procured from plaintiff by deceit; that he did not intend to bet the money at all, and did not in fact do so, but converted the same to his own use. The complaint then details at length a fraudulent scheme which it is alleged the defendant undertook and carried through to cheat plaintiff out of his money. Of all this there is not one word of evidence, except to the effect that plaintiff gave defendant $400 to bet. The evidence of defendant tends to show that he did actually bet the money thus intrusted to him, although he professes to be quite unable to give any particulars relating to such bets. At all events, he says that he lost the money. Having failed to establish the cause of action upon which he relied, the plaintiff's complaint should have been dismissed. The justice, however, could go no further than this, and exceeded his power when he directed a verdict for defendant. Merkin v. Gersh, 30 Misc. Rep.